# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMIE RAUL SANCHEZ,**

      **Plaintiff,**

**v.**                                                             **Case No:   6:20-cv-285-Orl-37LRH**

**ORLANDO POLICE DEPARTMENT and**
**ORANGE COUNTY PUBLIC LIBRARY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Long Form) (Doc. No. 2)**
>
> **FILED:**      **February 19, 2020**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I.   BACKGROUND.**

On September 10, 2019, Plaintiff Jaime Raul Sanchez,[1] appearing *pro se*, filed a "Complaint for Violation of Civil Rights" against Defendants Orlando Police Department and Orange County

---

[1] Although the Court's docket reflects Plaintiff's first name as "Jamie," from Plaintiff's filings, it appears that his first name is "Jaime." See Doc. No. 1. Accordingly, the **Clerk of Court** is **DIRECTED** to update the style of the case on the Court's docket to reflect the proper spelling of Plaintiff's first name.

Public Library.  Doc. No. 1.  Plaintiff purports to assert a claim under 42 U.S.C. § 1983 for a violation of "Amendment 1 Bill of Rights," and "Amendment 14, due process clause."  *Id.* at 3.

Plaintiff is currently homeless.  *See* Doc. No. 2, at 5 ("Currently homeless and bound to local street living until payday 2/28/2020 by Social Security Administration.").  In the complaint, Plaintiff claims that the Orlando Police Department is denying him access to the public library and "Eola Lake and Park."  *Id.* at 4.  In a "Statement of Claim," Plaintiff alleges that on February 17, 2020, "while digesting a free dinner provided at the grounds of the Greek Orthodox Church parking lot," he "was ambushed and bright lighted by 2 OPD officers."  *Id.*  He also alleges that on February 13, 2020, he was trespassed from library premises for "closing [his] eyes and losing consciousness (i.e., sleep)."  *Id.*  In both incidents, Plaintiff "felt that [his] safety and welfare were compromised."  *Id.*  Plaintiff is "not sworn to ISIS," is a "military son," and is involved at the federal level in the 2020 presidential election due to donations to the democratic senatorial selection committee.  *Id.*  Plaintiff seeks $1,000,000 in pain and suffering and $5,000 in lost wages.  *Id.* at 5.

With the complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which has been construed as a motion to proceed *in forma pauperis*.  Doc. No. 2.  The motion was referred to the undersigned, and the matter is ripe for review.

**II.   STANDARD OF REVIEW.**

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.  First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint

pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. § 1915(e)(2)(B)(i)–(iii).[2] A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III.   ANALYSIS.

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff may qualify as a pauper pursuant to § 1915(a)(1). However, Plaintiff's complaint does

---

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

not state a claim upon which relief may be granted, and accordingly is subject to dismissal under § 1915.

> The Federal Rules of Civil Procedure mandate that a pleading contain the following:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The allegations must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).

Here, Plaintiff's complaint wholly fails to comply with the procedural rules, and Plaintiff has stated no basis in fact that would give rise to a substantive cause of action. Although Plaintiff purports to assert a § 1983 claim for a violation of his Fourteenth Amendment rights, he does not allege facts that state a claim for relief. His conclusory assertions that he was denied access to the public library; he was trespassed from the public library; and "was ambushed and bright lighted by 2 OPD officers" are insufficient. *See Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

For these reasons, Plaintiff's complaint is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). It is at least possible that

Plaintiff could remedy the deficiencies in the current complaint by amendment. Therefore, I recommend that the Court permit Plaintiff leave to file an amended complaint.

In an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law. Plaintiff must name as Defendants those persons who are responsible for the alleged violations. He must allege in the body of the complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated his rights. Plaintiff must allege some causal connection between each Defendant named and the injury he allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs his attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

**IV.     RECOMMENDATION.**

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 2);

2. **DISMISS** the complaint without prejudice (Doc. No. 1); and

3. **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 20, 2020.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party